# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 27, 2013

Lyle W. Cayce
Clerk

No. 12-51044
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

BILLY OMAR RUVALCABA-MADRID,

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-2903-4

Before KING, BARKSDALE, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Billy Omar Ruvalcaba-Madrid appeals the sentence imposed following his guilty-plea conviction for: one count of conspiracy to possess, with intent to distribute, 50 kilograms or more of marijuana, in violation of 21 U.S.C. § 846; and two counts of possession, with intent to distribute, marijuana, in violation of 21 U.S.C. § 841(a)(1). He contends the district court erred in finding he had an aggravating role in the offense under Guideline § 3B1.1(b), claiming the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence did not support finding he was a manager or supervisor of the charged conspiracy.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly-preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

A district court's finding a defendant was a manager or supervisor, pursuant to Guideline § 3B1.1(b), is reviewed for clear error. *United States v. Rose*, 449 F.3d 627, 633 (5th Cir. 2006). The finding is clearly erroneous only if it is implausible in the light of the record as a whole. *Id.*

The presentence investigation report (PSR) set forth various instances during which Ruvalcaba issued orders and directed the activities of others. Although he disagreed with the PSR's characterization of his role in the offense and its interpretation of an Agent's call notes, he did not demonstrate in district court that the information in the PSR was materially untrue. *See United States v. Davis*, 76 F.3d 82, 84 (5th Cir. 1996) (defendant bears burden of demonstrating information relied on by sentencing court is "materially untrue").

Moreover, the record reflects the district court reviewed the wiretap applications, affidavits, and transcripts when ruling on Ruvalcaba's motion to suppress. In denying the objection to the aggravating-role adjustment, the district court explained it was very familiar with the case and was well aware of the orders Ruvalcaba gave, as contained in the wiretap transcripts, including those to co-conspirator Feliciano Alcala-Oaxaca. The district court's finding Ruvalcaba was a manager or supervisor of the conspiracy was therefore

plausible in the light of the record as a whole; and, as a result, he has not shown the requisite clear error. *See Rose*, 449 F.3d at 633-34.

AFFIRMED.